**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| LESLY CHACON and STEFANIE CHACON, | § | |
|      Plaintiffs, | | |
| | | |
| V. | | |
| | § | CIVIL ACTION NO. 4:16-cv-3336 |
| NEW LIGHT, INC. d/b/a DELUXE DRY CLEANERS and d/b/a COUNTRY CLEANERS and SAYED ALI, | | |
|      Defendants. | § | JURY DEMANDED |

## PLAINTIFFS' ORIGINAL COMPLAINT

This is an action arising under the Fair Labor Standards Act of 1938 (FLSA), 52 Stat. 1060, as amended, 29 U.S.C. §201 *et seq.* (1994 ed. and Supp. III) ("FLSA").  This action is brought to recover unpaid overtime compensation, liquidated damages, and attorney's fees owed to Plaintiffs Lesly Chacon and Stefanie Chacon by Defendants New Light, Inc. d/b/a Deluxe Dry Cleaners & Country Cleaners and Sayed Ali.

### Parties

1.      Plaintiff Lesly Chacon ("L. Chacon") and Stefanie Chacon ("S. Chacon") are former and current employees of Defendants, as that term is defined by the FLSA, and is represented by the undersigned.  During their employment with the Defendants, the Plaintiffs were, individually, directly engaged in interstate commerce.

2.      Defendant New Light, Inc. d/b/a Deluxe Dry Cleaners and d/b/a Country Cleaners ("New Light") is a Texas corporation and is and was an "employer" as that term is defined by the FLSA.  With respect to Plaintiffs, New Light is subject to the provisions of the FLSA.  New Light was at all relevant times an enterprise engaged in commerce or in the production of goods for commerce, as defined by 29 U.S.C. §§ 203(r) and (s), and had gross annual revenues in

excess of $500,000.00.  Defendant New Light may be served through its registered agent, Karim W. Ali at 5615 Richmond Ave., Suite 230, Houston, Texas 77057, or wherever he may be found.

3.      Defendant, Sayed Ali ("Ali") is an individual who was an "employer" as that term is defined by the FLSA.  With respect to Plaintiffs, Ali is subject to the provisions of the FLSA because he was at all relevant times or was part of an enterprise engaged in interstate commerce as defined by 29 U.S.C. § § 203(r) and (s).  Defendant Ali may be served with process at 13817 Cypress N. Houston, Cypress, TX 77429 or wherever he may be found.

**Jurisdiction and Venue**

4.      This Court has jurisdiction under the FLSA, and venue is proper pursuant to 28 U.S.C. § 1391(b), as Defendants and Plaintiffs transacted business within this judicial district, and the events underlying this complaint occurred within this judicial district as well.  At all times pertinent to this Complaint, Defendants were an enterprise engaged in interstate commerce, operating on the interstate highways, purchasing materials through commerce, transporting materials through commerce and on the interstate highways, conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.  At all times pertinent to this Complaint, Defendants regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §2013(r) and 203(s).  Additionally, Plaintiffs were individually engaged in commerce and their work was essential to Defendants' business.  Venue is proper pursuant to 28 U.S.C. § 1391(b), because Defendants and Plaintiffs transacted business within this judicial district and the events underlying this complaint occurred within this judicial district. Upon information and belief, Defendants conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

**Factual Allegations**

5.      Plaintiff Lesly Chacon worked for Defendants as a front desk clerk from July 1, 2015 until November of 2015 and from July 1, 2016 until October 25, 2016.  L. Chacon's duties included, but were not limited to, working the register, processing payments, receiving garments and tagging them, tending to customers and giving them their garments.  L. Chacon regularly worked more than 40 hours a week throughout her employment with Defendants.  L. Chacon was paid on a salary basis and was not paid premium pay for hours worked over 40.  During her tenure with Defendants, L. Chacon was not paid any overtime premium for hours worked over 40 per workweek.  In addition, L. Chacon's pay was so low and her hours so high that she was not paid an effective hourly rate of $7.25 per hour, the federally mandated minimum wage.

6.      Plaintiff Stefanie Chacon has worked for Defendants as a front desk clerk from October of 2013 until the present time.  S. Chacon's duties include, but are/were not limited to, working the register, processing payments, receiving garments and tagging them, tending to customers and giving them their garments.  S. Chacon has regularly worked more than 40 hours a week throughout her employment with Defendants.  S. Chacon was and is paid on a salary basis and was not and has not been paid premium pay for hours worked over 40.  During her tenure with Defendants, S. Chacon has not been paid any overtime premium for hours worked over 40 per workweek.  In addition, S. Chacon's pay is, and has been, so low that she has not been paid an effective hourly rate of $7.25 per hour, the federally mandated minimum wage.

7.      At all times relevant hereto, the Defendants knew of, approved of, and benefited from Plaintiffs' regular and overtime work.  Plaintiffs were and are not "exempt" employees.

8.      Defendants' actions were and are willful and in blatant disregard for Plaintiffs' federally protected rights.

9.      Defendants are liable to Plaintiffs under the FLSA for all unpaid overtime

compensation and minimum wages for their tenure with Defendants as well for liquidated

damages, attorney's fees, out of pocket expenses and costs of Court.

## CAUSES OF ACTION

### Violation of the FLSA – Failure to Pay Minimum and/or Overtime Wages Owed

10.     Based on the foregoing, Defendants violated the FLSA by failing to properly

compensate Plaintiffs for work performed in the employ of the Defendants.

11.     Plaintiffs have suffered damages as a direct result of Defendants' illegal actions.

12.     Defendants are liable to Plaintiffs for all unpaid minimum wage and/or overtime

compensation, liquidated damages, attorney's fees and costs of Court under the FLSA for work

performed during time worked in excess of 40 hours per work week, for the three-year period

preceding the filing of this lawsuit.

### Jury Demand

13.     Plaintiffs demand a trial by jury on all claims they have asserted herein.

### Prayer for Relief

WHEREFORE, Plaintiffs demand:

1.     Judgment against Defendants for an amount equal to Plaintiffs' unpaid minimum wage and/or overtime wages at the applicable rates;
2.     Judgment against Defendants that their violations of the FLSA were willful;
3.     An equal amount to the actual damages as liquidated damages;
4.     To the extent that liquidated damages are not awarded, an award of prejudgment interest;
5.     All costs and attorney's fees incurred prosecuting these claims;
6.     Leave to amend to add claims under applicable state laws; and
7.     For such further relief as the Court deems just and equitable.

Respectfully Submitted,

**THE BUENKER LAW FIRM**

*/s/ Josef F. Buenker*
Josef F. Buenker
TBA No. 03316860
jbuenker@buenkerlaw.com
2030 North Loop West, Suite 120
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile
**ATTORNEY-IN-CHARGE FOR
PLAINTIFFS LESLY CHACON
AND STEFANIE CHACON**

**OF COUNSEL:**
Vijay Pattisapu
TBA No. 24083633
S.D. Tex. No. 1829615
vijay@buenkerlaw.com
**THE BUENKER LAW FIRM**
2030 North Loop West, Suite 120
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile
**ATTORNEY FOR PLAINTIFFS
LESLY CHACON AND STEFANIE
CHACON**